**IN THE UNITED STATES DISTRICT COURT**
**FOR NEW JERSEY**

Frank J. Martone, Esq.
Attorney ID#005841977
FRANK J. MARTONE, P.C.
1455 BROAD STREET
BLOOMFIELD, NJ 07003
973-473-3000
ATTORNEYS FOR PLAINTIFF

United States of America

        Plaintiff

v.

Ida Dunston; Mr. Dunston, husband of Ida
Dunston; Paterson Habitat for Humanity,
Inc.; City of Paterson; State of New Jersey;
NJPLIGA

        Defendant(s)

**Complaint for Foreclosure and
Possession**

**Civil Action No.**

The United States of America, by and through its attorneys, Frank J. Martone, P.C., states the following claims against the defendants.

**PARTIES**

1.     Plaintiff, the Administrator of the U.S. Small Business Administration ("SBA"), an agency of the Government of the United States of America (hereinafter referred to as "United States of America")**,** having an office at 200 West Santa Ana Boulevard, Suite 180, Santa Ana, CA 92701.

2.     Defendant, **Ida Dunston**, is joined as a party defendant to this action because she signed the Mortgage and the Note**.**

3.     Defendant, **Mr. Dunston, husband of Ida Dunston**, is joined as a party defendant to this action for any curtesy/dower or other interest in said premises.

4.     Defendant, **Paterson Habitat for Humanity, Inc.** is made a party defendant hereto by virtue of its possible interest in the premises being a Low Income Eligible Housing pursuant to the Reservations, Covenants and Restrictions set forth in Deed dated January 24, 1996, recorded March 1, 1996 in Book U143, Page 183.

5.     Defendant, **City of Paterson** is made a party defendant hereto by virtue of its possible interest in the premises being a Low Income Eligible Housing pursuant to the Reservations, Covenants and Restrictions set forth in Deed dated January 24, 1996, recorded March 1, 1996 in Book U143, Page 183.

6.     Defendant, **State of New Jersey** is made a party defendant hereto by virtue of its possible interest in the premises being a Low Income Eligible Housing pursuant to the Reservations, Covenants and Restrictions set forth in Deed dated January 24, 1996, recorded March 1, 1996 in Book U143, Page 183.

7.     Defendant, **NJPLIGA**, is joined as a party defendant because it holds the following docketed judgment in the Superior Court of New Jersey which is subordinate to that of plaintiff:

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-052199-2016            CASE NUMBER: DC  010312  15
DATE DOCKETED: 03/22/16        DATE OF JUDGMENT IN S.C.P.: 02/25/16
TYPE OF ACTION: TORT AUTO
VENUE: PASSAIC
                                           DEBT: $      6,433.64
                                          COSTS: $        262.67
                                            INT: $          0.87
                                           DCKG: $         35.00
  CREDITOR(S):
       NJPLIGA
                   233 MT AIRY RD, BASKIN RIDGE, NJ 07920
              ATTORNEY: BURKE & POTENZA
                   600 PARSIPPANY RD, SUITE 106
                   PARSIPPANY NJ 07054
  DEBTOR(S):
       IDA M DUNSTON
                   78 CLINTON ST, PATERSON, NJ 07522
              ATTORNEY: BLAKELY HARPER DAWN
                   ---------------
              *** End of Abstract ***
```

2

8.    Upon information and belief **Ida Dunston** is also known as **Ida Mae Dunston** and is also known as **Ida M. Dunston** and is being designated herein as **Ida Dunston**.  She is one and the same person.

## JURISDICTION AND VENUE

9.    Jurisdiction is based on 28 U.S.C. §1345, which provided that the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer, and upon 12 U.S.C. 1715 *et seq.*

10.    Venue is proper in this district under 28 U.S.C. §1391 and §1396 as the transaction which is the subject matter of this Complaint took place entirely in this district, and the real estate which is the subject of this transaction is located in this district.

## FACTS

11.    On or about April 24, 2013, **Ida Dunston, Individually**, executed and delivered to the United States Small Business Administration, a Fixed Rate Note in the amount of $28,100.00 plus interest in the amount of 1.688% per annum, attached hereto as Exhibit "A", incorporated herein and made a part hereof.  (Note).

12.    Simultaneously with the execution and delivery of the Note, and in order to secure the payment of said Note, the mortgagor, **Ida Dunston, who acquired title as Ida Mae Dunston, a single person**, executed and delivered to Administrator of the United States Small Business Administration, a Mortgage in the amount of $28,100.00, a copy of which is attached hereto as Exhibit "B"., incorporated herein and made a part hereof. (Mortgage). Said Mortgage was duly recorded on July 29, 2013 in Book M12722, at Page 160, in the Clerk's/Register's Office of the County of PASSAIC in the State of New Jersey.  Said real estate is within the jurisdictional limits of the Court.  **Said mortgage was not a purchase money mortgage.**

13.     A Loan Modification was entered into on August 13, 2013 between **Ida Dunston** and **U.S. Small Business Administration** modifying the principal balance to **$26,400.00,** the monthly payments to **$96.00, Effective December 24, 2013**, which is attached hereto as Exhibit "C".

14.     The mortgaged premises are described as follows:

All that certain tract or parcel of land and premises situate in the City of PATERSON, County of PASSAIC and State of NEW JERSEY being more particularly described as follows:

See attached Exhibit "D".

Tax Lot 29 (f/k/a 7.A), Block 204 (f/k/a A0045), commonly known as **78 CLINTON STREET, PATERSON, NJ 07522**.

The legal description contained in "Exhibit "D" attached hereto is the same legal description contained in the recorded mortgage.

15.     Said Note further provided that, in addition to the foregoing installments of principal and interest, the obligors promised to make monthly payments in the amounts and to be applied in the manner set forth in the mortgage securing the Note.

16.     Said Note and Mortgage contained an agreement that, should any default be made in the payment of any monthly installment on account of principal and interest, or any part thereof, if any of the other payments to be made by the mortgagor under the provisions of the mortgage securing the Note when due as provided in the Note or in the mortgage, the entire indebtedness secured shall immediately become due, payable.

17.     Said Note and Mortgage contained an agreement that if any of the installments of taxes, assessments, water rents, charges, impositions or liens, levied upon the premises should remain in default, the mortgagee may pay the same, and such amount paid shall be a lien on said lands, added to the amount of the mortgage debt and secured by this mortgage.

18.     During the course of this action, the plaintiff may be obligated to make advances for the payment of taxes, insurance premiums, and necessary expenses and curative payments

to preserve the security, and such sums advanced under the terms of the Note, together with interest, are to be added to the amount due on the mortgage debt and secured by the plaintiff's mortgage.

19.    The Defendant(s), **Ida Dunston** is indebted to the Administrator of the U.S. Small Business Administration, an agency of the Government of the United States of America and there remains due the following sums to the Plaintiff.   (**See Certificate of Indebtedness**), attached hereto as Exhibit "E", incorporated herein and made a part hereof as if fully written herein).

| | | |
|---|---|---|
| (a) | Unpaid Principal | $26,880.00 |
| (b) | Interest accrued in accordance with fixed rate note in the amount of 1.688% per annum | $1,167.46 |
| | Total (as of December 5, 2016) | **$28,047.46** |

20.    On **March 24, 2014**, an installment payment became due and payable on plaintiff's mortgage and has not been paid.  Plaintiff has elected that the whole of the unpaid principal and interest shall now be due.

21.    The date of default is **March 24, 2014**.

22.    Demand for payment of all sums due under the Note and Mortgage was made, and payment has not been paid.

23.    The following instruments or liens of record in the Office of the Clerk's/Register's of Passaic County, New Jersey which affect or may affect the premises described herein all of which instruments or liens are subordinate to the lien of the mortgage set forth above.   **NONE**

24.     Any interest or lien which any of the defendants herein has or claims to have in or upon the said mortgaged premises or some part thereof is subject to the lien of plaintiff's mortgage.

## COUNT ONE

### Foreclosure on the Mortgaged Premises

25.     Plaintiff repeats the allegations contained in Paragraphs 1 through 24 of the Complaint and makes same as part hereof as if repeated at length.

26.     As a result of **Ida Dunston's** default under the Note and Mortgage, Plaintiff is entitled to immediate payment of the entire unpaid balance due and owing under the loan documents, with interest accruing on such at the rate provided for under the mortgage, together with reasonable attorneys' fees and other charges as provided for under the mortgage.

27.     The plaintiff has complied with the Notice requirement of section 4 of the Fair Foreclosure Act.

WHEREFORE, plaintiff prays for judgment as follows:

(a)     Fixing the amount due on its mortgage.

(b)     Barring and foreclosing the defendants and each of them of all equity of redemption in and to said lands.

(c)     Directing that the plaintiff be paid the amount due on its mortgage with interest and costs.

(d)     Adjudging that said lands be sold according to law to satisfy the amount due plaintiff.

(e)     Appointing a receiver of rents, issues and profits of said lands.

(f)     Such other and further relief as the Court deems just and equitable.

## SECOND COUNT

### Possession of Mortgaged Premises

28.     Plaintiff repeats any and all allegations of Paragraphs 1 through 27 of the Complaint and makes same a part hereof as if repeated at length.

29.     By reason of the default in the terms of the mortgage referred to in the First Count of the Complaint, and by reason of the terms of the mortgage, plaintiff is entitled to possession of the premises described herein.

30.     Defendant(s), **Ida Dunston; Mr. Dunston, husband of Ida Dunston** is now in possession of the premises described herein and have at all times deprived plaintiff of possession of said premises.

WHEREFORE, plaintiff prays for judgment as follows:

(a)     That plaintiff or the purchaser at the foreclosure sale recovers possession of the mortgaged premises against said defendants or anyone holding under them.

(b)     Damages for mesne profits.

(c)     Costs.

(d)     Such other and further relief as the Court deems just and equitable.

## THIRD COUNT

31.     Plaintiff repeats any and all allegations of Paragraphs 1 through 30 of the Complaint and makes same a part hereof as if repeated at length.

32.     Paterson Habitat of Humanity, Inc., is made a party hereto by virtue of the Reservations, Covenants and Restrictions contained in the Deed dated January 24, 1996, from Paterson Habitat for Humanity, Inc. to Ida Mae Dunston and recorded on March 1, 1996 in Book U143, Page 183, of the Passaic County Clerk's office.  Deed and Restrictions attached hereto as Exhibit "F".

33.     Paterson Habitat of Humanity, Inc. has been given notice of the default of the Defendant, Borrower, and has not elected to purchase the property or take any other action to preserve the mortgage premises as a Low Income Eligible Housing.

34.     City of Paterson is made a party hereto by virtue of its possible interest in the premises being a Low Income Eligible Housing pursuant to the Reservations, Covenants and Restrictions set forth in the Deed referenced in Paragraph 32 herein.

35.     State of New Jersey is made a party hereto by virtue of its possible interest in the premises being a Low Income Eligible Housing pursuant to the Reservations, Covenants and Restrictions set forth in the Deed referenced in Paragraph 32 herein.

WHEREFORE, plaintiff prays for judgment as follows:

(a).    That this Court Declare that the Reservations, Covenants and Restrictions contained in Deed dated January 24, 1996, from Paterson Habitat of Humanity, Inc. to Ida Mae Dunston, recorded on March 1, 1996 in Book U143, Page 183, of the Passaic County Clerk's office be removed from title to the premises, have no further effect upon the premises and that any Marshal's deed issued herein recite this declaration.

(b).    For any other relief the Court deems necessary.

## DESIGNATION OF TRIAL COUNSEL

Frank J. Martone, Esq. is hereby designated as trial counsel for the Plaintiff, the Administrator of the U.S. Small Business Administration, an Agency of the Government of the United States of America (herein referred to as "United States of America").

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned attorney certifies that there are no other actions pending or contemplated at this time related to the subject matter of this action.

## CERTIFICATION PURSUANT TO NEW JERSEY COURT RULE 4:5-1 AND RULE 4:64-1

In accordance with Rule 4:5-1, I hereby certify that the matter in controversy is not the subject of any action pending arbitration proceeding.  There is no other action or arbitration proceeding contemplated, nor is there any other party who should be joined in this action.

In accordance with Rule 4:64-1(a), I hereby further certify that a title search of the public record has been received and reviewed for the purpose of identifying any lien holders and/or other person and entities with an interest in the property that is subject to foreclosure.  The effective date of the title search is January 3, 2017.

**CERTIFICATION OF DILIGENT INQUIRY TO BE ANNEXED TO RESIDENTIAL MORTGAGE FORECLOSURE COMPLAINTS PURSUANT TO NEW JERSEY COURT RULE 1:5-6(c)(1)(E) AND RULE 4:64-1(a)(2) and (3)**

I, Frank J. Martone, Esq., of full age, hereby certify and says:

1. I communicated by writing with the following named employee(s) of the U.S. Small Business Administration, who stated that he/she personally reviewed the documents submitted to the Court and that he/she confirmed their accuracy.

2. The name, title and responsibilities of the plaintiff's employee(s) with whom I communicated are:  Diana St. Louis, Legal Counsel, who is responsible for reviewing and executing loan documents.

3. Based on my communication with the above-named employee(s) of plaintiff, as well as my own inspection of the loan information supplied by plaintiff and other diligent inquiry, I execute this certification to comply with the requirements of Rule 1:4-8(a), 1:5-6(c)(1)(E), and 4:64-1(a)(2) and (3).

4. I am aware that I have continuing obligation under Rule 1:4-8(a) to amend this certification if a reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support for any factual assertions proffered by plaintiff in any court filings or documents in this case.

Respectfully submitted this __2nd__ day of __February_____, 2018

FRANK J. MARTONE, P.C.
Attorneys for the Plaintiff

By:_____
     Frank J. Martone, Esq.
     For the Firm

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Ida Dunston; Mr. Dunston, husband of Ida Dunston; Paterson Habitat for Humanity, Inc.; City of Paterson; State of New Jersey; NJPLIGA

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   PASSAIC
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
FRANK J. MARTON, P.C. - 973-473-3000
Frank J. Martone, Esq.
1455 Broad Street, Bloomfield, NJ 07003

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☒ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. SEC. 1345 UNITED STATES OF AMERICA AS PLAINTIFF
Brief description of cause:
TO FORECLOSE A SBA MORTGAGE

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   2/2/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# EXHIBIT "A"



U.S. Small Business Administration

**NOTE**

(SECURED DISASTER LOANS)

**Date: April 24, 2013**

**Loan Amount: $28,100.00**

**Annual Interest Rate: 1.688%**

Application #                                                                                 Loan #

1. **PROMISE TO PAY:** In return for a loan, Borrower promises to pay to the order of SBA the amount of **Twenty-Eight Thousand One Hundred And 00/100** Dollars, interest on the unpaid principal balance, and all other amounts required by this Note.

2. **DEFINITIONS:** A) "Collateral" means any property taken as security for payment of this Note or any guarantee of this Note.  B) "Guarantor" means each person or entity that signs a guarantee of payment of this Note.  C) "Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

3. **PAYMENT TERMS:** Borrower must make all payments at the place SBA designates. Borrower may prepay this Note in part or in full at any time, without notice or penalty. Borrower must pay principal and interest payments of **$101.00** every **month** beginning **Five (5)** months from the date of the Note. SBA will apply each installment payment first to pay interest accrued to the day SBA receives the payment and will then apply any remaining balance to reduce principal. All remaining principal and accrued interest is due and payable **Thirty (30) years** from the date of this Note.

4. **DEFAULT:** Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower: A) Fails to comply with any provision of this Note, the Loan Authorization and Agreement, or other Loan Documents; B) Defaults on any other SBA loan; C) Sells or otherwise transfers, or does not preserve or account to SBA's satisfaction for, any of the Collateral or its proceeds; D) Does not disclose, or anyone acting on their behalf does not disclose, any material fact to SBA; E) Makes, or anyone acting on their behalf makes, a materially false or misleading representation to SBA; F) Defaults on any loan or agreement with another creditor, if SBA believes the default may materially affect Borrower's ability to pay this Note; G) Fails to pay any taxes when due; H) Becomes the subject of a proceeding under any bankruptcy or insolvency law; I) Has a receiver or liquidator appointed for any part of their business or property; J) Makes an assignment for the benefit of creditors; K) Has any adverse change in financial condition or business operation that SBA believes may materially affect Borrower's ability to pay this Note; L) Dies; M) Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without SBA's prior written consent; or, N) Becomes the subject of a civil or criminal action that SBA believes may materially affect Borrower's ability to pay this Note.

5. **SBA'S RIGHTS IF THERE IS A DEFAULT:** Without notice or demand and without giving up any of its rights, SBA may: A) Require immediate payment of all amounts owing under this Note; B) Have recourse to collect all amounts owing from any Borrower or Guarantor; C) File suit and obtain judgment; D) Take possession of any Collateral; or E) Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6. **SBA'S GENERAL POWERS:** Without notice and without Borrower's consent, SBA may: A) Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses; B) Collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If SBA incurs such expenses, it may demand immediate reimbursement from Borrower or add the expenses to the principal balance; C) Release anyone obligated to pay this Note; D) Compromise, release, renew, extend or substitute any of the Collateral; and E) Take any action necessary to protect the Collateral or collect amounts owing on this Note.

7. **FEDERAL LAW APPLIES:** When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

8. **GENERAL PROVISIONS:** A) All individuals and entities signing this Note are jointly and severally liable. B) Borrower waives all suretyship defenses. C) Borrower must sign all documents required at any time to comply with the Loan Documents and to enable SBA to acquire, perfect, or maintain SBA's liens on Collateral. D) SBA may exercise any of its rights separately or together, as many times and in any order it chooses. SBA may delay or forgo enforcing any of its rights without giving up any of them. E) Borrower may not use an oral statement of SBA to contradict or alter the written terms of this Note. F) If any part of this Note is unenforceable, all other parts remain in effect. G) To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that SBA did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale. H) SBA may sell or otherwise transfer this Note.

SBA FORM 147 B (5-00)

9. **MISUSE OF LOAN FUNDS:** Anyone who wrongfully misapplies any proceeds of the loan will be civilly liable to SBA for one and one-half times the proceeds disbursed, in addition to other remedies allowed by law.

10. **BORROWER'S NAME(S) AND SIGNATURE(S):** By signing below, each individual or entity acknowledges and accepts personal obligation and full liability under the Note as Borrower.

**Individual Execution:**

_Ida Dunston_

IDA DUNSTON, INDIVIDUALLY

ORIGINAL

# EXHIBIT "B"



**00FXBX**

MAIL ANY NOTICE OF DEFAULT TO:
U.S. SMALL BUSINESS ADMINISTRATION
801 Tom Martin Drive Suite 120
Birmingham, AL 35211

THIS INSTRUMENT PREPARED BY:
SCOTT W. MONTGOMERY, Attorney

WHEN RECORDED MAIL TO:
U.S. SMALL BUSINESS ADMINISTRATION
14925 Kingsport Road
Fort Worth, TX 76155-2243

IDA DUNSTON
Application

KRISTIN M. CORRADO
CLERK
PASSAIC COUNTY
New Jersey
INSTRUMENT NUMBER
20130041939
RECORDED ON
Jul 29, 2013
10:14:38 AM
BOOK :M12722
PAGE#160
Total Pages: 7

NJ PRESERVATION
ACCOUNT                    $35.00
RECORDING FEES –
RECORDER OF DEEDS          $55.00
HOMELESSNESS TRUST
FUND                       $3.00
TOTAL PAID                 $93.00
INV# 99539 USER: SF

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## MORTGAGE
### (Direct)

This mortgage made and entered into this 24th day of **April, 2013**, by and between **IDA DUNSTON, WHO ACQUIRED TITLE AS IDA MAE DUNSTON, A SINGLE PERSON, 78 CLINTON STREET, PATERSON, NJ 07522** (hereinafter referred to as mortgagor) and the Administrator of the U.S. Small Business Administration, an agency of the Government of the United States of America (hereinafter referred to as mortgagee), who maintains an office and place of business at **801 Tom Martin Drive Suite 120, Birmingham, AL 35211.**

**WITNESSETH,** that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all of the following described property situated and being in the County of **PASSAIC,** State of New Jersey.

**Described in Exhibit "A" attached hereto and made a part hereof.**

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues, and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder). To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

FOR THE PURPOSE OF SECURING: (1) Payment of the principal and interest as set forth above; (2) Payment of any and all obligations and liability, which are now due or may hereafter become due from Mortgagor; (3) Performance of each agreement of Mortgagor herein contained; (4) Payment of all sums to be paid to Mortgagee pursuant to the terms hereof.

Page 1

Branch :FOL,User :NJFO          Order: 300195FTS   Title Officer:   Comment:          Station Id :SMMM

The mortgagor covenants that he is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment of a promissory note dated **April 24, 2013** in the principal sum of **$28,100.00** and maturing on **April 24, 2043**, signed by or on behalf of **IDA DUNSTON.**

1.   The mortgagor covenants and agrees as follows:

   *a.*   He will promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided.

   *b.*   He will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefore to the said mortgagee.

   *c.*   He will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the mortgagee for the collection of any or all of the indebtedness hereby secured, or for foreclosure by mortgagee's sale, or court proceedings, or in any other litigation or proceeding affecting said premises.  Attorneys' fees reasonably incurred in any other way shall be paid by the mortgagor.

   *d.*   For better security of the indebtedness hereby secured, upon the request of the mortgagee, its successors or assigns, he shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired by it after the date hereof (all in form satisfactory to mortgagee).  Furthermore, should mortgagor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, mortgagor hereby agrees to permit mortgagee to cure such default, but mortgagee is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

   *e.*   The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness evidenced by said promissory note or any part thereof secured hereby.

   *f.*   He will continuously maintain hazard insurance, of such type or types and in such amounts as the mortgagee may from time to time require on the improvements now or hereafter on said property, and will pay promptly when due any premiums therefor.  All insurance shall be carried in companies acceptable to mortgagee and the policies and renewals thereof shall be held by mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to the mortgagee.  In event of loss, mortgagor will give immediate notice in writing to mortgagee, and mortgagee may make proof of loss if not made promptly by mortgagor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to mortgagee instead of to mortgagor and mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by mortgagee at its option either to the reduction of the indebtedness

Page 2

Branch :FOL,User :NJFO          Order: 300195FTS   Title Officer:   Comment:                    Station Id :SMMM

hereby secured or to the restoration or repair of the property damaged or destroyed. In event of foreclosure of this mortgage, or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the mortgagor in and to any insurance policies then in force shall pass to the purchaser or mortgagee or, at the option of the mortgagee, may be surrendered for a refund.

g. He will keep all buildings and other improvements on said property in good repair and condition; will permit, commit, or suffer no waste, impairment, deterioration of said property or any part thereof; in the event of failure of the mortgagor to keep the buildings on said premises and those erected on said premises, or improvements thereon, in good repair, the mortgagee may make such repairs as in its discretion it may deem necessary for the proper preservation thereof; and the full amount of each and every such payment shall be immediately due and payable and shall be secured by the lien of this mortgage.

h. He will not voluntarily create or permit to be created against the property subject to this mortgage any lien or liens inferior or superior to the lien of this mortgage without the written consent of the mortgagee; and further, he will keep and maintain the same free from the claim of all persons supplying labor or materials for construction of any and all buildings or improvements now being erected or to be erected on said premises.

i. He will not rent or assign any part of the rent of said mortgaged property or demolish, or remove, or substantially alter any building without the written consent of the mortgagee.

j. All awards of damages in connection with any condemnation for public use of or injury to any of the property subject to this mortgage are hereby assigned and shall be paid to mortgagee, who may apply the same to payment of the installments last due under said note, and mortgagee is hereby authorized, in the name of the mortgagor, to execute and deliver valid acquittances thereof and to appeal from any such award.

k. The mortgagee shall have the right to inspect the mortgaged premises at any reasonable time.

2. Default in any of the covenants or conditions of this instrument or of the note or loan agreement secured hereby shall terminate the mortgagor's right to possession, use, and enjoyment of the property, at the option of the mortgagee or his assigns (it being agreed that the mortgagor shall have such right until default). Upon any such default, the mortgagee shall become the owner of all of the rents and profits accruing after default as security for the indebtedness secured hereby, with the right to enter upon said property for the purpose of collecting such rents and profits. This instrument shall operate as an assignment of any rentals on said property to that extent.

3. The mortgagor covenants and agrees that if he shall fail to pay said indebtedness or any part thereof when due, or shall fail to perform any covenant or agreement of this instrument or the promissory note secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible without notice, at the option of the mortgagee or assigns, regardless of maturity, and the mortgagee or his assigns may before or after entry sell said property without appraisement (the mortgagor having waived and assigned to the mortgagee all rights of appraisement):

(I) at judicial sale pursuant to the provisions of 28 U.S.C. 2001 (a); or

Page 3

(II) at the option of the mortgagee, either by auction or by solicitation of sealed bids, for the highest and best bid complying with the terms of sale and manner of payment specified in the published notice of sale, first giving four weeks' notice of the time, terms, and place of such sale, by advertisement not less than once during each of said four weeks in a newspaper published or distributed in the county in which said property is situated, all other notice being hereby waived by the mortgagor (and said mortgagee, or any person on behalf of said mortgagee, may bid with the unpaid indebtedness evidenced by said note). Said sale shall be held at or on the property to be sold or at the Federal [, county, or city/or Commonwealth] courthouse for the county in which the property is located. The mortgagee is hereby authorized to execute for and on behalf of the mortgagor and to deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends; and the said mortgagor hereby constitutes and appoints the mortgagee or any agent or attorney of the mortgagee, the agent and attorney in fact of said mortgagor to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be effectual to bar all equity or right of redemption, homestead, dower, and all other exemptions of the mortgagor, all of which are hereby expressly waived and conveyed to the mortgagee; or

(III) take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

In the event of a sale as hereinabove provided, the mortgagor or any person in possession under the mortgagor shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

4.   The proceeds of any sale of said property in accordance with the preceding paragraphs shall be applied first to pay the costs and expenses of said sale, the expenses incurred by the mortgagee for the purpose of protecting or maintaining said property, and reasonable attorneys' fees; secondly, to pay the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

5.   In the event said property is sold at a judicial foreclosure sale or pursuant to the power of sale hereinabove granted, and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said promissory note, the mortgagee will be entitled to a deficiency judgment for the amount of the *deficiency without regard to appraisement.*

6.   In the event the mortgagor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged against the property, the mortgagee is hereby authorized at his option to pay the same. Any sums so paid by the mortgagee shall be added to and become a part of the principal amount of the indebtedness evidenced by said note, subject to the same terms and conditions. If the mortgagor shall pay and discharge the indebtedness evidenced by said promissory note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing, and executing this mortgage, then this mortgage shall be canceled and surrendered.

Page 4

7.  The covenants herein contained shall bind and the benefits and advantages shall inure to the respective successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

8.  No waiver of any covenant herein or of the obligation secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of the note secured hereby.

9.  In compliance with section 101.106 of the Rules and Regulations of the U.S. Small Business Administration [13 C.F.R. 101.106], this instrument is to be construed and enforced in accordance with applicable Federal law.   This Mortgage is to be construed and enforced in accordance with Federal law. Mortgagor hereby waives any rights or immunity purportedly conferred by Commonwealth law limiting Mortgagee's right to a deficiency judgement after either a judicial foreclosure or a foreclosure under the power of sale referred to above.

10. A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

11. Any written notice to be issued to the mortgagor pursuant to the provisions of this instrument shall be addressed to the mortgagor at **78 CLINTON STREET, PATERSON, NJ 07522** and any written notice to be issued to the mortgagee shall be addressed to the mortgagee at **801 Tom Martin Drive Suite 120,** Birmingham, AL 35211.

If any one or more of the provisions contained in this Mortgage shall for any reason be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Mortgage.

Page 5

IN WITNESS WHEREOF, the mortgagor has executed this instrument and the mortgagee has accepted delivery of this instrument as of the day and year aforesaid.

MORTGAGOR HAS RECEIVED A TRUE COPY OF THIS INSTRUMENT.

STATE OF NEW JERSEY          )
COUNTY OF Passaic            )

I certify that on this __19__ day of __July__, 20 __13__, IDA DUNSTON, INDIVIDUALLY (name) personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(A) was the maker of this instrument; and
(B) executed this instrument as his or her own act.

_____
Notary Public

_____
(PRINT NOTARY NAME AND TITLE BELOW SIGNATURE)
My Commission Expires: __8-26-2017__

**Individual Execution:**

_____
IDA DUNSTON, INDIVIDUALLY

Branch :FOL,User :NJFO          Order: 300195FTS   Title Officer:   Comment:          Station Id :SMMM

## EXHIBIT "A"

THE PROPERTY CONSISTS OF THE LAND AND ALL THE BUILDINGS AND STRUCTURES ON THE LAND IN THE CITY OF PATERSON, COUNTY OF PASSAIC AND STATE OF NEW JERSEY.

BEING KNOWN AND DESIGNATED AS LOT 7A IN BLOCK 45 AS SHOWN AND LAID DOWN ON A MAP ENTITLED 'FINAL SUBDIVISION MAP, PROPERTY OF PATERSON HABITAT FOR HUMANITY, INC., SECTION TWO, CITY OF PATERSON, PASSAIC COUNTY, N.J. AUGUST 31, 1990, SCALE 1 INCHES IS EQUAL TO 20 FEET RONALD W. HYPKENS, LAND SURVEYOR, WHICH MAP WAS FILED IN THE PASSAIC COUNTY REGISTER'S OFFICE ON FEBRUARY 13, 1991 AS FILED MAP NO. 3293. THE ABOVE PREMISES IS MORE PARTICULARLY DESCRIBED IN ACCORDANCE WITH A SURVEY MADE BY RONALD W. HYPKENS, L.S., DATED OCTOBER 23, 1993, AS FOLLOWS:

BEGINNING AT A POINT IN THE NORTHEASTERLY LINE OF CLINTON STREET SAID POINT BEING DISTANT ON A COURSE OF SOUTH 30 DEGREES 46 MINUTES EAST 175.00 FEET FROM THE INTERSECTION OF SAID LINE WITH SOUTHEASTERLY LINE OF GARFIELD AVENUE, AND RUNNING FROM THENCE

(1) NORTH 59 DEGREES 14 MINUTES EAST 100.00 FEET TO A POINT; THENCE

(2) SOUTH 36 DEGREES 46 MINUTES EAST 18.75 FEET TO A POINT; THENCE

(3) SOUTH 59 DEGREES 14 MINUTES WEST 100.00 FEET TO A POINT IN THE SAID NORTHEASTERLY LINE OF CLINTON STREET, AND THENCE

(4) ALONG THE SAME, NORTH 30 DEGREES 46 MINUTES WEST 18.75 FEET TO THE POINT AND PLACE OF BEGINNING.

LOT 29 BLOCK 204

More commonly known as: 78 CLINTON STREET, PATERSON, NJ 07522

END OF DOCUMENT

# EXHIBIT "C"



**U.S. SMALL BUSINESS ADMINISTRATION**
Disaster Assistance
Processing and Disbursement Center
14925 Kingsport Road
Fort Worth, Texas 76155-2243

**(817)868-2300**
**1(800)366-6303**
Hearing Impaired
(817)-267-4688

August 21, 2013

IDA DUNSTON
78 CLINTON STREET
PATERSON, NJ 07522

RE: Application Number:
     Loan Number:

Dear IDA DUNSTON,

We have received additional information which affects the terms and conditions of your loan. Based on our review of this information, we modified your loan.

Your loan amount has decreased from **$28,100.00** to **$26,400.00**.

The payment amount is reduced from **$101.00** to **$96.00 monthly**, effective **December 24, 2013**. Your loan maturity remains unchanged at **30 year(s)** from the date of the Note.

(Note: If your payment is made through an automatic withdrawal from a checking or savings account, please contact our Customer Service Center at 1-800-659-2955 for assistance in changing the amount of your withdrawal.)

Our Legal department will forward your loan closing documents to you as soon as possible.

You may request reinstatement of the cancelled loan funds. Your request must:

1) Be in writing and made within 6 months from the date of this letter.

2) The request must show that SBA's action was in error or provide justification acceptable to SBA to overcome the reason for this action.

3) Include a completed, signed and dated (with current date), Tax Information Authorization, IRS Form 8821. The form may be obtained from the IRS at www.irs.gov or you may contact our Customer Service Center at 1-800-659-2955.

IDA DUNSTON

If you have any questions about this action, please contact our office at the above address or toll-free number.

Sincerely,

ROBERT BLOCKER
Supervisory Loan Officer

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Protection Act. The Federal agency that administers compliance with this law concerning this creditor is the Consumer Response Center, Federal Trade Commission, Washington, D.C. 20580.

# EXHIBIT "D"

# LEGAL DESCRIPTON

THE PROPERTY CONSISTS OF THE LAND AND ALL THE BUILDINGS AND STRUCTURES ON THE LAND IN THE CITY OF PATERSON, COUNTY OF PASSAIC AND STATE OF NEW JERSEY.

BEING KNOWN AND DESIGNATED AS LOT 7A IN BLOCK 45 AS SHOWN AND LAID DOWN ON A MAP ENTITLED 'FINAL SUBDIVISION MAP, PROPERTY OF PATERSON HABITAT FOR HUMANITY, INC., SECTION TWO, CITY OF PATERSON, PASSAIC COUNTY, N.J. AUGUST 31, 1990, SCALE 1 INCHES IS EQUAL TO 20 FEET RONALD W. HYPKENS, LAND SURVEYOR, WHICH MAP WAS FILED IN THE PASSAIC COUNTY REGISTER'S OFFICE ON FEBRUARY 13, 1991 AS FILED MAP NO. 3293. THE ABOVE PREMISES IS MORE PARTICULARLY DESCRIBED IN ACCORDANCE WITH A SURVEY MADE BY RONALD W. HYPKENS, L.S., DATED OCTOBER 23, 1993, AS FOLLOWS:

BEGINNING AT A POINT IN THE NORTHEASTERLY LINE OF CLINTON STREET SAID POINT BEING DISTANT ON A COURSE OF SOUTH 30 DEGREES 46 MINUTES EAST 175.00 FEET FROM THE INTERSECTION OF SAID LINE WITH SOUTHEASTERLY LINE OF GARFIELD AVENUE, AND RUNNING FROM THENCE

(1) NORTH 59 DEGREES 14 MINUTES EAST 100.00 FEET TO A POINT; THENCE

(2) SOUTH 36 DEGREES 46 MINUTES EAST 18.75 FEET TO A POINT; THENCE

(3) SOUTH 59 DEGREES 14 MINUTES WEST 100.00 FEET TO A POINT IN THE SAID NORTHEASTERLY LINE OF CLINTON STREET, AND THENCE

(4) ALONG THE SAME, NORTH 30 DEGREES 46 MINUTES WEST 18.75 FEET TO THE POINT AND PLACE OF BEGINNING.

LOT 29 BLOCK 204

More commonly known as: **78 CLINTON STREET, PATERSON, NJ 07522**

# EXHIBIT "E"



New York District Office
26 Federal Plaza Room 3100
New York, NY 10278

## <u>CERTIFICATE OF INDEBTEDNESS</u>

**NAME OF DEBTOR(S):**        **Ida Mae Dunston**
**ADDRESS OF DEBTOR(S):**     **78 Clinton St. Paterson, NJ 07522**
**AGENCY LOAN NUMBER:**       **5892535005**

**Total Debt Due to United States as of December 5, 2016:  $28,047.46**

I certify that the records of the SMALL BUSINESS ADMINISTRATION
(SBA) show that the debtors named above are indebted to the United States
in the principal amount of $26,880.00, plus interest in the amount of
$1,167.46 as of December 5, 2016 with interest accruing thereafter at the
annual rate of 1.69%. Interest accrues on the principal amount of this debt at
a rate of $1.24 per day.

The claim arose in connection with a loan that the SBA granted to Borrower
Ida Mae Dunston, on or about April 24, 2013 in the principal amount of
$28,100.00 evidenced by a Note executed by Borrowers. The principal loan
amount was later reduced by modification on or about August 21, 2013. The
principal amount was reduced from $28,100 to $26,400, effective December
24, 2013.

According to the terms of the promissory note, the debtor was required to
pay $101.00 per month on the 24th day of each month commencing
September 24, 2013. That amount was later modified and reduced to $96.00,
commencing on December 24, 2013. Debtor failed to make the payment that
was due on March 24, 2014.

**Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the
information above is a true and accurate statement as reflected in the
records of the Small Business Administration**.

*Diana St. Louis*
--------------------------------            **Date:  December 5, 2016**
**Diana St. Louis**
**Legal Counsel**

# EXHIBIT "F"

Branch :FOL,User :NJFO          Order: 300195FTS   Title Officer:   Comment:

---

194 - DEED - BARGAIN & SALE (Cov. as to Grantor's Acts)
C792. GRANTOR - PL. (ALR.(Rev 10-93)
A ST-2

Prepared by: (print signer's name below signature)

_____
ANTHONY J. LA SALA, ESQ.

©1982 by ALL-STATE LEGAL SUPPLY CO.
One Commerce Drive, Cranford, N.J. 07016

# DEED

This Deed is made on   January 24, 1996

**BETWEEN:**

PATERSON HABITAT FOR HUMANITY, INC.

a corporation of the state of   New Jersey

having its principal office at   495 East 22nd Street, Paterson, New Jersey   referred to as the Grantor,

**AND:**

IDA MAE DUNSTON,

whose post office address is   78 Clinton Street, Paterson, New Jersey   referred to as the Grantee.

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

**Transfer of Ownership.** The Grantor grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of   Forty-seven Thousand and 00/100 ($47,000.00)
Dollars                                The Grantor acknowledges receipt of this money.

**Tax Map Reference.** (N.J.S.A. 46:15-1.1) Municipality of   Paterson
Block No.   A0045   Lot No.   7.A   Account No.

☐  No property tax identification number is available on the date of this deed. (check box if applicable.)

**Property.** The property consists of the land and all the buildings and structures on the land in
the   City   of   Paterson
County of   Passaic   and State of New Jersey. The legal description is:

Being known and designated as Lot 7A in Block 45 as shown and laid down on a map entitled "Final Subdivision Map, Property of Paterson Habitat for Humanity, Inc.," Section Two, City of Paterson, Passaic County, N.J. August 31, 1990, Scale 1" =20", Ronald W. Rypkema, Land Surveyor, which map was filed in the Passaic County Register's Office on February 13, 1991 as Filed Map No. 3293.

The above premises is more particularly described in accordance with a survey made by Ronald W. Rypkema, L.S., dated October 25, 1993, as follows:

BEGINNING at a point in the northeasterly line of Clinton Street said point being distant on a course of South 30 degrees 46 minutes East 175.00 feet from the intersection of said line with the southeasterly line of Garfield Avenue, and running from thence
(1)  North 59 degrees 14 minutes East 100.00 feet to a point; thence
(2)  South 36 degrees 46 minutes East 18.75 feet to a point; thence
(3)  South 59 degrees 14 minutes West 100.00 feet to a point in the said northeasterly line of Clinton Street, and thence
(4)  Along the same  North 30 degrees 46 minutes West 18.75 feet to the point and place of Beginning

Being commonly known as 78 Clinton Street, Paterson, New Jersey.

Being part of the same premises conveyed to Paterson Habitat for Humanity, Inc. by Deed from City of Paterson, dated March 5, 1987 and recorded in the Passaic County Register's Office on June 11, 1987 in Deed Book X-118, Page 319.

RECEIVED
PATERSON, N.J.

96 MAR -1  PH 2: 51

FRANK W. SYLVESTER
REGISTER

--U143PG183

---

## RESERVATIONS, COVENANTS AND RESTRICTIONS

### (to be attached to Deed)

The Commencement Date of these Reservations and Restrictive Covenants shall begin on the date of this Deed (or the date of Occupancy of the Premises by the Grantee, whichever is earlier) and shall terminate on the date of the first non-exempt title transaction occurring after twenty (20) years from the Commencement Date. At the first non-exempt title transaction after the termination date, the Grantor shall execute a document in recordable form evidencing that the Premises has been released from these Reservations and Restrictive Covenants.

THE GRANTOR RESERVES UNTO ITSELF, AND GRANTEE COVENANTS AND AGREES AS FOLLOWS:

A. The Premises shall at all times remain the Primary Residence of the Grantee and Grantee's immediate family.

B. The Grantee shall not rent the Premises or permit it to be occupied by any other party whether or not that party qualifies as a Low Income Household.

C. The Premises shall not be used for any illegal or immoral purpose or in a manner to create a public nuisance.

D. The Premises shall only be owned and occupied by a Low Income Eligible Household. If Grantee at any time hereafter no longer qualifies as a Low Income Eligible Household, Grantee shall so notify the Grantor. This Restriction shall not apply to any Grantee who after acquiring the Premises, through their industry and initiative, increase their family income to an amount above the maximum family income for qualification for a Low Income Eligible Household.

E. Upon the determination that Grantee is violating or otherwise is not in compliance with the restrictions set forth above, Grantor may, at any time thereafter, and upon sixty days written notice to Grantee:

(i)     require the grantee to sell and reconvey the Premises;

(ii)    designate a Buyer of the Premises to Grantee, or

(iii)   repurchase the Premises from Grantee.

In such event the Grantee covenants and agrees to convey the Premises to such Buyer, or to the Grantor, as the case may be, at the Maximum allowable Resale Price defined below.

F. In the event the Grantee elects to no longer utilize the Premises as its Primary Residence, or to sell the Premises, it shall so notify the Grantor in which event the Grantor shall be empowered to exercise its rights set forth in Paragraph E above. The Grantee shall not execute any sale or lease agreement, convey title, or otherwise deliver possession of the Premises to any other party without the prior written approval of the Grantor.

G. The Grantee shall not sell the Premises to anyone other than a Buyer who has been certified by Grantor as an "Eligible Buyer" utilizing, in part, the income verification procedures established by the Grantor to determine qualified Low Income-Eligible Households. The Grantee shall request referrals of Eligible Buyers from pre-established referral lists maintained by the Grantor's Family Selection Committee prior to seeking to sell the Premises. If the Grantor's Family Selection Committee does not refer to Grantee an Eligible Buyer within thirty (30) days of the Notice of Intent to Sell the Premises and no Agreement to purchase the Premises has been executed, the Grantee may propose a Contract to Purchase the Premises to a proposed Eligible Buyer not referred through the Grantor's Family Selection Committee. The purchase price shall not exceed the Maximum Allowable Resale Price. In such event the proposed Buyer must complete all required Household Eligibility forms and submit Gross Annual Income information for verification to the Grantor in order to obtain a written certification from Grantor as an

U143PG184

Eligible Buyer.

H.  At resale, all items of property which are permanently affixed to the Premises and/or were included when the unit was originally purchased shall be included in the Maximum Allowable Resale Price.  The Grantee must personally certify that either (a) all other items of unaffixed personal property to be included in the resale are also included in the maximum allowable Resale Price, or (b) sold to the Buyer at a reasonable price that has been approved by the Grantor at the time of signing the Agreement to Purchase.  Such transfer of funds shall also be certified by the Grantor at the time of closing.  In no event shall the purchase of any personal property be made a condition of resale of the Premises.

I.  In the event Grantor waives the conditions set forth in G and Grantee obtains a purchaser who wishes to purchase the Premises at a Fair Market Price, Grantor shall have a Right of First Refusal to purchase the Premises as follows:

(i) The Grantee shall serve notice in writing to the Grantor, by certified mail, return receipt requested.  The notice shall indicate that the Grantee has a bona fide offer for the sale of the Premises, setting forth the name and address of the person desiring to purchase the Premises and the sale price and terms of payment for sale together with a copy of the written Contract of Sale between the Grantee and proposed Buyer.  This notice shall constitute an offer to sell the Premises to the Grantor upon the terms and conditions set forth in the offer.

(ii) Within fourteen (14) days of the written notice, Grantor shall have the right to purchase the Premises in accordance with the terms of the offer.  If Grantor fails to exercise its right of purchase.  Grantee may sell or convey the Premises to the designated party making the bona fide offer, but only at the same price and terms specified in the notice.

J.  The Premises may in the future be included as part of a homeowner's association (the "Association").  In such event, the Grantee, in addition to paying any assessments required by the Association, shall further fully comply with all of the terms, covenants or conditions of the Association and shall maintain the status of a member in good standing of the Association including the payment of dues or assessments which may be imposed by the Association.  Any unpaid assessments or charges of the Association shall become a lien on the Premises and as may be provided in the By-Laws of the Association.

K.  The restrictions on the transfer of the Premises set forth above shall not apply to the transfer of title under an Exempt Transaction, which is defined below.  In the event of a transfer of title under an Exempt Transaction, the successors, grantees, transferees shall nevertheless take title to the Premises, subject to all of the within covenants and Restrictions, and, thereafter, shall be bound to all of the provisions hereof.

## DEFINITIONS

As used in these Reservations and Restrictive Covenants the following terms shall be defined to mean:

"Arbitration" shall mean a determination made by qualified independent third party selected by the Grantor.

"Base Price" shall mean the price of the Premises recited in the prior Deed to the Premises;

"Certified Household" shall mean any Eligible Household whose estimated total Gross Annual Income has been verified, whose financial references have been approved and who has received written certification as a Low-Income-Eligible Household from the Grantor.

"Council" shall mean the Council of Affordable Housing of the New Jersey Department of Community Affairs.

"Eligible Buyer" shall mean a family or persons selected by the Family Selection Committee of the Grantor and who has been certified by such Committee as a Low-Income

--U143PG185

Eligible Household.

"Exempt Transaction" shall mean the following "non-sales" title transactions:   (l) Transfer of ownership between husband and wife; (2) Transfer of ownership between former spouses ordered as a result of a judicial decree of divorce or judicial separation (but not including sales to third parties); (3) Transfer of ownership through an Executor's Deed to a Class A Beneficiary; and, (4) Transfer of ownership by court order.   (5) Intestate transfers as the result of the death of a Grantee.  All other title transfers are non-exempt.

"Fair Market Price" shall mean the unrestricted price of a low income housing unit if sold at a current real estate market rate.

"Gross Annual Income" shall mean the total amount of all sources of a Household's income including, but not limited to salary, wages, interest, tips, dividends, alimony, pensions, social security, business and capital gains, tips and welfare benefits.  Generally, gross annual income will be based on those sources of income reported to the Internal Revenue Service (IRS) and/or that can be utilized for the purpose of mortgage approval.

"Grantor" shall mean Paterson Habitat for Humanity, Inc.

"Grantee" shall mean the owner of the Premises.

"Household" shall mean the person or persons occupying the Premises.

"Index" shall mean the measured percentage of change in the median income for a Household of four for the geographic region which includes the City of Paterson using the income guidelines approved for use by the Council.

"Low Income Household" or "Low Income Eligible Household" shall mean a Household whose total Gross Annual income is equal to 50% or less of the median gross income figure established by geographic region and household size using the income guideline approved for use by Council.

"Maximum Allowable Resale Price" shall mean the "Base Price" plus the reasonable value of any capital improvements made to the Premises made by Grantee, increased by a percentage determined by the Index.  In the event the parties cannot agree upon the value of the capital improvements made by the Grantee, the value shall be determined by Arbitration.

"Primary Residence" shall mean the Premises wherein a Certified Household maintains continuing residence for no less than nine months of each calendar year.

dmdrmn/xtdrmn- 9/94

--U143PG186

Branch :FOL,User :NJFO          Order: 300195FTS  Title Officer:   Comment:          Station Id :SMMM

Promises by Grantor. The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the Grantor.

Signatures This Deed is signed and attested to by the Grantor's proper corporate officers as of the date at the top of the first page. Its corporate seal is affixed.

Attested by:

_Norma H. Leonhard_                        By: _Anthony J. La Sala_
NORMA H. LEONHARD          Secretary        ANTHONY J. LA SALA, Vice President

STATE OF NEW JERSEY, COUNTY OF      PASSAIC          SS.:

I CERTIFY that on   January 24, 1996

Anthony J. La Sala and Norma H. Leonhard

personally came before me and I stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of the attached deed;
(b) was authorized to and did execute this deed as   Vice-President and Secretary

of   Paterson Habitat for Humanity, Inc.                the entity named in this deed ;and

(c) this deed was made for $ 47,000.00          as the full and actual consideration paid or to be paid for the transfer of title. (Such consideration is defined in N.J.S.A 46:15-5.)

_Lynne Henley_
(Print name and title below signature)

NOTARY PUBLIC OF NJ
MY COMMISSION EXPIRES
JUNE 6, 1996

--U143PG187

Station Id :SMMM

Branch :FOL,User :NJFO          Order: 300195FTS   Title Officer:   Comment:

NC 1845 — AFFIDAVIT OF CONSIDERATION
RTF-1 (Rev. 1/1/86)

STATE OF NEW JERSEY
AFFIDAVIT OF CONSIDERATION OR EXEMPTION
(c. 49, P.L. 1968)
or
PARTIAL EXEMPTION
(c. 176, P. L. 1975)

ALL-STATE LEGAL SUPPLY CO.
One Commerce Drive, Cranford, N. J. 07016

AVS1–1

To Be Recorded With Deed Pursuant to c. 49, P.L. 1968, as amended by c. 225, P.L. 1985 (N.J.S.A. 46:15-5 et seq.)

STATE OF NEW JERSEY   }
COUNTY OF   PASSAIC      }  ss.

**FOR RECORDER'S USE ONLY**
Consideration $   47,000.00
Realty Transfer Fee $   472 00 C
Date   3/1/96   By
*Use symbol "C" to indicate that fee is exclusively for county use.

**(1) PARTY OR LEGAL REPRESENTATIVE** (See Instructions #3, 4 and 5 on reverse side)

Deponent,   Anthony J. La Sala   , being duly sworn according to law upon his/her oath deposes and

says that he/she is the   Corporate Officer of the Grantor

In a deed dated   January 24, 1996   transferring real property identified as Block No.   A0045

Lot No.   7. A   located at   78 Clinton Street, Paterson, Passaic County

and annexed hereto.

**(2) CONSIDERATION** (See Instruction #6)

Deponent states that, with respect to deed hereto annexed, the actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title to the lands, tenements or other realty, including the remaining amount of any prior mortgage to which the transfer is subject or which is to be assumed and agreed to be paid by the grantee and any other lien or encumbrance thereon not paid, satisfied or removed in connection with the transfer of title is $   47,000.00

**(3) FULL EXEMPTION FROM FEE**   Deponent claims that this deed transaction is fully exempt from the Realty Transfer Fee imposed by c.49, P.L. 1968, for the following reason(s): Explain in detail. (See Instruction #7.) Mere reference to exemption symbol is not sufficient.

**(4) PARTIAL EXEMPTION FROM FEE**   NOTE: All boxes below apply to grantor(s) only. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will void claim for partial exemption. (See Instructions #8 and #9)

Deponent claims that this deed transaction is exempt from the increased portion of the Realty Transfer Fee imposed by c.176, P.L. 1975 for the following reason(s):

a) **SENIOR CITIZEN** (See Instruction #8)
☐ Grantor(s) 62 yrs. of age or over. *
☐ One or two-family residential premises

☐ Owned and occupied by grantor(s) at time of sale.
☐ No joint owners other than spouse or other qualified exempt owners.

b) **BLIND** (See Instruction #8)
☐ Grantor(s) legally blind. *
☐ One or two-family residential premises.

☐ Owned and occupied by grantor(s) at time of sale.
☐ No joint owners other than spouse or other qualified exempt owners.

**DISABLED** (See Instruction #8)
☐ Grantor(s) permanently and totally disabled. *
☐ One or two-family residential premises.
☐ Receiving disability payments.

☐ Owned and occupied by grantor(s) at time of sale.
☐ Not gainfully employed.
☐ No joint owners other than spouse or other qualified exempt owners.

*IN THE CASE OF HUSBAND AND WIFE, ONLY ONE GRANTOR NEED QUALIFY.

c) **LOW AND MODERATE INCOME HOUSING** (See Instruction #9)
☐ Affordable According to H.U.D. Standards.
☒ Meets Income Requirements of Region.

☒ Reserved for Occupancy.
☒ Subject to Resale Controls.

d) **NEW CONSTRUCTION** (See Instruction #9)
☐ Entirely new improvement.
☐ Not previously used for any purpose.

☐ Not previously occupied.

Deponent makes this Affidavit to induce the County Clerk or Register of Deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of c. 49, P.L. 1968.
Subscribed and sworn to before me
this _____ day   , 1996

Anthony J. La Sala
495 East 22nd Street, Paterson, New Jersey

**FOR OFFICIAL USE ONLY** This space for use of County Clerk or Register of Deeds.
Instrument Number _____   County _____
Deed Number _____   Book _____   Page _____
Deed Dated _____   Date Recorded _____

IMPORTANT — BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE HEREOF.
This form is prescribed by the Director, Division of Taxation in the Department of the Treasury, as required by law, and may not be altered or amended without the approval of the Director.
ORIGINAL — White copy to be retained by County.
DUPLICATE — Yellow copy to be forwarded by County to Division of Taxation on partial exemption from fee (N.J.A.C. 18:16–8.12).
TRIPLICATE — Pink copy is your file copy.

U143PG188

Printed on 1/6/2017 10:06:44 AM

PASSAIC,NJ
Document: DED BRG U143.183

The Grantee, Ida Mae Dunston, does hereby agree to be bound by the Restrictive Covenants and Restrictions set forth in the within Deed.

Witness:

FRANK J. FLACCAVENTO, ESQ.

IDA MAE DUNSTON

STATE OF NEW JERSEY, COUNTY OF PASSAIC

BE IT REMEMBERED that on this 24 day of January, 1996  before me the subscriber, an Attorney at Law of New Jersey, personally appeared Ida Mae Dunston, who, I am satisfied is th aperson named in and who executed the within Instrument, and thereupon acknowledged that the within Instrument was signed, sealed and delivered as a voluntary act and deed for the uses and purposes thereth expressed.

FRANK J. FLACCAVENTO, ESQ.

Dated: January          .1996

Record and return to:

**DEED**

PATERSON HABITAT FOR HUMANITY, INC.

Grantor,

TO

IDA MAE DUNSTON

Grantee.

Anthony J. LaSala, Esq.
1615 Hamburg Turnpike
Wayne, New Jersey 07470

END OF DOCUMENT

--U143PG189